UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIN SPELLMAN, ) | |
| ) | |
| Plaintiff(s), ) | No.  C05-0568 SBA (BZ) |
| ) | |
| v. ) | **ORDER SCHEDULING** |
| ) | **SETTLEMENT CONFERENCE** |
| HUMBOLDT COUNTY, et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

The above matter was referred to Magistrate Judge Bernard Zimmerman for settlement purposes.

You are hereby notified that a settlement conference is scheduled for **Thursday, May 11, 2006, at 9:00 a.m.**, in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.

It is the responsibility of counsel to ensure that whatever discovery is needed for all sides to evaluate the case for settlement purposes is completed by the date of the settlement conference. Counsel shall cooperate in providing discovery informally and expeditiously.

Lead trial counsel shall appear at the Settlement

1  Conference with the parties.  Any party who is not a natural
2  person shall be represented by the person or persons **not**
3  **directly involved** in the events which gave rise to the
4  litigation but with **full** authority to negotiate a settlement.
5  A person who needs to call another person not present before
6  accepting, rejecting or making any settlement offer does not
7  have full authority.  If a party is a governmental entity, its
8  governing body shall  designate one of its members or a senior
9  executive to appear at the Settlement Conference with
10 authority to participate in the Settlement Conference and, if
11 a tentative settlement agreement is reached, to recommend the
12 agreement to the governmental entity for its approval.  An
13 insured party shall appear with a representative of the
14 carrier with full authority to negotiate up to the limits of
15 coverage.  The Court shall be notified immediately if the
16 carrier declines to attend.  Personal attendance of a party
17 representative will rarely be excused by the Court, and then
18 only upon separate written application demonstrating
19 substantial hardship served on opposing counsel and lodged as
20 early as the basis for the hardship is known.
21      Each party shall prepare a Settlement Conference
22 Statement, which must be served on opposing counsel and lodged
23 (not faxed) with my chambers no later than seven calendar days
24 prior to the conference.  The Statement shall **not** be filed
25 with the Clerk of the Court.  The Statement **may** be submitted
26 on CD-ROM with hypertext links to exhibits.  Otherwise, the
27 portion of exhibits on which the party relies **shall** be
28 highlighted.  The Settlement Conference Statement shall not

2

1  exceed ten pages of text and twenty pages of exhibits and
2  shall include the following:
3      1.   A brief statement of the facts of the case.
4      2.   A brief statement of the claims and defenses
5  including, but not limited to, statutory or other grounds upon
6  which the claims are founded.
7      3.   A summary of the proceedings to date and any pending
8  motions.
9      4.   An estimate of the cost and time to be expended for
10 further discovery, pretrial and trial.
11     5.   For any party seeking relief, a description of the
12 relief sought, including an itemization of damages.
13     6.   The parties' position on settlement, including
14 present demands and offers and a history of past settlement
15 discussions.  The Court's time can best be used to assist the
16 parties in completing their negotiations, not in starting
17 them.  Accordingly, plaintiff must serve a demand in writing
18 no later than fourteen days before the conference and
19 defendant must respond in writing no later than eight days
20 before the conference.  If plaintiff seeks attorney's fees and
21 costs, plaintiff's counsel shall either include the fee claim
22 in the demand or make a separate, simultaneous demand for fees
23 and costs.  Counsel shall be prepared at the conference to
24 provide sufficient information to defendant to enable the fee
25 claim to be evaluated for purposes of settlement.  The parties
26 are urged to carefully evaluate their case before taking a
27 settlement position since extreme positions hinder the
28 settlement process.

Along with the Statement each party shall lodge with the court a document of no more than three pages containing a **candid** evaluation of the parties' likelihood of prevailing on the claims and defenses, and any other information that party wishes not to share with opposing counsel.  The more candid the parties are, the more productive the conference will be.  This document shall not be served on opposing counsel.

It is not unusual for conferences to last three or more hours.  Parties are encouraged to participate and frankly discuss their case.  Statements they make during the conference will not be admissible at trial in the event the case does not settle.  The parties should be prepared to discuss such issues as:

1. Their settlement objectives.

2. Any impediments to settlement they perceive.

3. Whether they have enough information to discuss settlement.  If not, what additional information is needed.

4. The possibility of a creative resolution of the dispute.

The parties shall notify Magistrate Judge Zimmerman's chambers immediately if this case settles prior to the date set for settlement conference.  Counsel shall provide a copy of this order to each party who will participate in the conference.

Dated: June 22, 2005

                              /s/ Bernard Zimmerman
                               Bernard Zimmerman
                            United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

G:\bzall\-refs\refs.05\SPELLMAN.SC