Nancy K. Delaney, SBN 70617
William F. Mitchell, SBN 159831
Nicholas R. Kloeppel, SBN 186165
MITCHELL, BRISSO, DELANEY & VRIEZE
Attorneys at Law
814 Seventh Street
P. O. Drawer 1008
Eureka, CA 95502
Tel: (707) 443-5643
Fax: (707) 444-9586

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIN SPELLMAN, on behalf of herself and all those similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>HUMBOLDT COUNTY, HUMBOLDT COUNTY SHERIFF GARY PHILP, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, HUMBOLDT COUNTY SHERIFF'S DEPARTMENT, HUMBOLDT COUNTY SHERIFF'S DEPUTIES DOES 1 THROUGH 50, AND ROES 1 THROUGH 20, INCLUSIVE,<br><br>Defendants. | CASE NO: C-05-00568-SBA<br><br>ORDER GRANTING SUMMARY JUDGMENT |

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

0

[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT

1  Defendants' motion for summary judgment came on regularly for hearing on May
2  23, 2006.  Mark E. Merin appeared on behalf of the plaintiff and Mitchell, Brisso,
3  Delaney & Vrieze, by Nancy K. Delaney, appeared on behalf of the defendants.
4  Having considered the papers filed and arguments of counsel, and good cause
5  appearing,
6  IT IS ORDERED as follows:
7  The Humboldt County Sheriff's Department is not a proper defendant as it is
8  merely a department of the County of Humboldt.  *Vance v. County of Santa Clara*, 928
9  F.Supp. 993, 996 (N.D. Cal. 1996), quoting *Stump v. Gates*, 77 F.Supp 808, 816 (D.
10 Colo. 1991).
11 The County of Humboldt, sued herein as Humboldt County, and Humboldt
12 County Sheriff Gary Philp have presented uncontroverted evidence and plaintiff has
13 conceded that the County's written policy with respect to strip searches meets and
14 exceeds constitutional standards.  (Declaration of Ciarabellini and Exhibit B to
15 Declaration.)  Specifically, policy F-009 provides that:

> "All strip searches and visual body cavity searches will be conducted based on the need and within legal limitations to maintain security and to prevent the introduction of weapons and contraband into the facility.  Arrestees will not be arbitrarily subjected to unnecessary strip or body cavity searches."

19 Nor is there any evidence presented of an unconstitutional de facto custom or
20 policy, as plaintiff's account, even if believed, is not sufficient to establish this, or to raise
21 a triable issue of fact in this regard. A single incident does not establish a custom or
22 practice for purposes of a *Monell* claim.  *City of Oklahoma City v. Tuttle*, 471 U.S. 808,
23 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to
24 impose liability under *Monell*. . .").  Municipal liability may be established with a
25 showing of a "long standing practice or custom which constitutes the standard operating
26 procedure of the local government entity." *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701,

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1

[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT

1  737 (1989).  The custom must be so "persistent and widespread" that it constitutes a
2  "permanent and well-settled [municipal] policy."  *Monell v. Dept. of Social Services*, 436
3  U.S. 658, 691 (1978); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *Gellette v.*
4  *Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992).  The absence of any similar complaints
5  negates any inference to be drawn from plaintiff's account of events that such a custom
6  or practice existed, or was widespread.

7  There is no basis for liability as to defendant Sheriff Philp in the absence of
8  evidence of an underlying constitutional violation.  Further, liability may be imposed on a
9  supervisor under Section 1983 only if (1) the supervisor personally participated in the
10 deprivation of constitutional rights or (2) the supervisor knew of the violations and failed
11 to act or prevent them or (3) the supervisor implemented a policy "so deficient that the
12 policy itself is a repudiation of constitutional rights and is the moving force of the
13 constitutional violation."  *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir.
14 1991), *cert. denied*, 502 U.S. 1074 (1992); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.
15 1989).

16 It is uncontroverted that defendant Philp did not participate in the alleged strip
17 search of the plaintiff, know of the alleged strip search or fail to prevent it, or implement
18 a constitutionally infirm policy that was the moving force behind the alleged wrongdoing.

19 Accordingly, the County of Humboldt and defendant Philp are entitled to
20 summary judgment as to plaintiff's Section 1983 claim.

21 Plaintiff's state-law claims fare no better.

22 Plaintiff's claim for violation of California Penal Code § 4030 fails as a matter of
23 law because, as discussed above, County Policy F-009 sets forth the required "reasonable
24 suspicion" standard for strip searches.  There is nothing in the policy that is inconsistent
25 with the provisions of Section 4030.

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

2

[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT

1   Plaintiff's claim under California Civil Code § 52.1 must also fail as a matter of
2   law.  This statute requires that plaintiff establish an underlying violation of a
3   constitutional or statutory right.  As discussed above, no such violation can be established
4   as a matter of law.

5   Finally, plaintiff's claim for "invasion of privacy" under the California State
6   Constitution is without merit.  The common law tort of invasion of privacy "requires the
7   actionable disclosure be widely publicized and not confined to a few persons or limited
8   circumstances."  *Hill v. National Collegiate Athletic Assn.*, 7 Cal.4th 1, 27 (1994).  No
9   facts have been presented in this case which would support an actionable claim for
10  invasion of privacy under this standard.

11  Accordingly, defendants County of Humboldt and Gary Philp are entitled to
12  summary judgment as to all claims set forth in plaintiff's complaint.  Plaintiff's complaint
13  is hereby ordered dismissed, and the clerk is directed to close the file.

14  DATED:  6/9/06

15  _____
    HONORABLE SAUNDRA B. ARMSTRONG

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

3
[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT