Nancy K. Delaney, SBN 70617
William F. Mitchell, SBN 159831
Nicholas R. Kloeppel, SBN 186165
MITCHELL, BRISSO, DELANEY & VRIEZE
Attorneys at Law
814 Seventh Street
P. O. Drawer 1008
Eureka, CA  95502
Tel:  (707) 443-5643
Fax: (707) 444-9586

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIN SPELLMAN, on behalf of herself and all those similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> HUMBOLDT COUNTY, HUMBOLDT COUNTY SHERIFF GARY PHILP, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, HUMBOLDT COUNTY SHERIFF'S DEPARTMENT, HUMBOLDT COUNTY SHERIFF'S DEPUTIES DOES 1 THROUGH 50, AND ROES 1 THROUGH 20, INCLUSIVE, <br><br> Defendants. | CASE NO:  C-05-00568-SBA <br><br> ORDER GRANTING SUMMARY JUDGMENT |

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

0

[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT

1   Defendants' motion for summary judgment came on regularly for hearing on May
2   23, 2006.  Mark E. Merin appeared on behalf of the plaintiff and Mitchell, Brisso,
3   Delaney & Vrieze, by Nancy K. Delaney, appeared on behalf of the defendants.
4   Having considered the papers filed and arguments of counsel, and good cause
5   appearing,
6   IT IS ORDERED as follows:
7   The Humboldt County Sheriff's Department is not a proper defendant in a 42
8   U.S.C. section 1983 claim as it is merely a department of the County of Humboldt, and
9   municipal departments are not suable entities in section 1983 claims.  *See Vance v.*
10  *County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996), quoting *Stump v. Gates*,
11  77 F.Supp 808, 816 (D. Colo. 1991).  Accordingly, the section 1983 claim against the
12  Humboldt County Sheriff's Department is DISMISSED with prejudice.
13  To prevail on a section 1983 claim against the County of Humboldt, sued herein as
14  Humboldt County (the "County"), Plaintiff must be able to show that: (1) she was
15  deprived of her constitutional rights; (2) the County has a policy, a *de facto* custom, or a
16  practice; (3) the policy, the *de facto* custom, or the practice amounted to deliberate
17  indifference to Plaintiff's constitutional rights; and (4) the policy, the *de facto* custom, or
18  the practice was the moving force behind the constitutional violation.  *See Monell v. New*
19  *York City Dep't of Social Serv.*, 436 U.S. 658 (1978); *City of Canton v. Harris*, 489 U.S.
20  378 (1989); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).
21  Plaintiff alleges that the County had the following unconstitutional *de facto*
22  custom or practice: as part of the search procedure, women, who could not otherwise be
23  subject to a strip search, were required to remove all of their clothing, either down to their
24  underwear, or, if they were not wearing underwear, to their bare breasts in a non-private
25  area in the presence of males.  *See* Hearing Transcript at 8:15-19.  The Court finds that
26  there is no evidence presented of such a *de facto* custom or practice, except for Plaintiff's

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1

[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT

1  account of what happened to her.  However, a single incident does not establish a custom
2  or practice for purposes of a *Monell* claim.  *City of Oklahoma City v. Tuttle*, 471 U.S.
3  808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not
4  sufficient to impose liability under *Monell* . . . .").  Municipal liability may be established
5  with a showing of a "long standing practice or custom which constitutes the standard
6  operating procedure of the local government entity." *Jett v. Dallas Indep. Sch. Dist.,* 491
7  U.S. 701, 737 (1989).  The custom must be so "persistent and widespread" that it
8  constitutes a "permanent and well-settled [municipal] policy." *Monell v. Dept. of Social*
9  *Services*, 436 U.S. 658, 691 (1978); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996);
10 *Gellette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992).
11         There is no basis for liability as to Defendant Sheriff Philp in the absence of
12 evidence of an underlying constitutional violation.  Liability may be imposed on a
13 supervisor under Section 1983 only if (1) the supervisor personally participated in the
14 deprivation of constitutional rights, or (2) the supervisor knew of the violations and failed
15 to act or prevent them, or (3) the supervisor implemented a policy "so deficient that the
16 policy itself is a repudiation of constitutional rights and is the moving force of the
17 constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir.
18 1991), *cert. denied*, 502 U.S. 1074 (1992); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.
19 1989).  It is uncontroverted that Defendant Sheriff Philp did not participate in the alleged
20 strip search of Plaintiff, and did not know of the alleged strip search or fail to prevent it.
21 Furthermore, there is no evidence of a deficient policy, de facto custom, or practice that
22 Defendant Sheriff Philp implemented.
23         Accordingly, the Court GRANTS the County of Humboldt and Defendant Sheriff
24 Philp's Motion for Summary Judgment as to Plaintiff's section 1983 claim.
25         With no federal claims remaining, the Court declines to exercise its jurisdiction
26 over Plaintiff's remaining state law claims.  *See Carnegie-Mellon University v. Cohill*,

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

2

[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT

1   484 U.S. 343, 350 (1988) ("[I]n the usual case in which all federal claims are eliminated
2   before trial, the balance of factors . . . will point toward declining to exercise jurisdiction
3   over the remaining state law claims."). Accordingly, Plaintiff's state law claims are
4   DISMISSED without prejudice.
5        IT IS HEREBY ORDERED THAT Plaintiff's complement is DISMISSED, and the
6   clerk is directed to close the file.
7        IT IS SO ORDERED.
8   DATED:  6/9/06                                    _____
                                                      HONORABLE SAUNDRA B. ARMSTRONG

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

3
[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT